**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KRIS ROGLIERI,<br><br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 24-10157 (REL) |
| PAUL A. LEVINE, as Receiver of Prime Capital Ventures, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KRIS DANIEL ROGLIERI,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 24-90010 (REL) |

## MOTION OF HOGAN LOVELLS US LLP TO WITHDRAW AS COUNSEL

Hogan Lovells US LLP ("Hogan Lovells") hereby files this motion (the "Motion"), pursuant to Rule 2091-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), to withdraw as counsel for Defendant Kris Daniel Roglieri ("Roglieri") in the above-captioned adversary proceeding (the "Adversary Proceeding").

In support of the Motion, Hogan Lovells respectfully states as follows:

**Background**

**I.     Procedural Background**

1.     On April 22, 2024, Plaintiff Paul A. Levine, as Receiver (the "Receiver") of Prime Capital Ventures, LLC ("PCV"), filed a complaint in the Adversary Proceeding (the "Complaint") against Roglieri. (Dkt. No. 1.)

2.     On May 30, 2024, Hogan Lovells filed a notice of appearance in the Adversary Proceeding as counsel to Roglieri. (Dkt. No. 4.)

3.     The Receiver and Roglieri agreed that Roglieri's response to the Complaint would be due on June 25, 2024. On June 25, 2024, Roglieri filed a motion to dismiss the Complaint, and that motion is set to be heard by the Court on July 17, 2024. (*See* Dkt. Nos. 5, 8.)[1]

**II.    Hogan Lovells' Representation**

4.     When Hogan Lovells agreed to represent Roglieri in the Adversary Proceeding, Christian Dribusch had not yet been appointed trustee (the "Trustee") in Roglieri's individual bankruptcy and there was a dispute (which is still ongoing) as to whether the Receiver had the authority to act on behalf of PCV. Hogan Lovells, therefore, had a good-faith basis to believe that it could be compensated for its work on behalf of Roglieri in the Adversary Proceeding by PCV or another entity owned by Roglieri (if the receivership were vacated by the Second Circuit).

5.     Since that time, however, the Trustee has made it clear that Hogan Lovells no longer represents PCV (or any other Roglieri-owned entity). Moreover, given that the Second Circuit has dismissed PCV's appeal (and the Receiver has frozen the funds of PCV and other Roglieri-owned entities), it is clear that neither PCV nor any other Roglieri-owned entity can be a source of payment for Hogan Lovells.

---

[1]     Counsel for Roglieri has intentionally set this Motion for a hearing on July 31, 2024, <u>after</u> the July 17, 2024 hearing on the motion to dismiss, so as to lessen any prejudice to Roglieri.

6.     As the Court is well aware, Roglieri does not have any other resources available to pay Hogan Lovells for its work in the Adversary Proceeding.  To date, Hogan Lovells has not been paid for any of the legal services performed in connection with the Adversary Proceeding.

## **Basis for Relief Requested**

7.     The Local Rules state as follows:

> (3)  Without Consent.  An attorney who has appeared in a case or adversary proceeding may withdraw only upon notice and motion and an order of the Court granting leave to withdraw.  Notice shall be given to the client, the United States trustee, the trustee, any § 1104 trustee, any appointed committee, and any party having filed a notice of appearance.  If the Court grants leave to withdraw, withdrawing counsel shall serve a copy of the order upon the affected party and a file a certificate of service.

Local Rule 2091-1(3).

8.     Sufficient cause exists for this Court to grant Hogan Lovells leave to withdraw as counsel to Roglieri.  As discussed above, Roglieri does not have recourse to any of his entities as a source of payment for his legal fees, nor does he have other funds to pay such fees.  Hogan Lovells has not been compensated for its legal services in the Adversary Proceeding.

9.     The New York Rules of Professional Conduct allows a lawyer to withdraw from representing a client when the client does not compensate the lawyer for his or her services. *See* NYRPC 1.16(c)(5).  Here, Roglieri has not compensated Hogan Lovells for its services and he is not in a position to do so in the future.

10.    Under the circumstances, the Court should grant the Motion.

## **Notice**

11.    Notice of the Motion will be provided to: (i) Roglieri, (ii) the Office of the United States Trustee for the Northern District of New York; (iii) the Trustee; and (iv) any party in interest that has requested to receive notice in the Adversary Proceeding.

WHEREFORE, Hogan Lovells requests that the Court enter an order attached hereto as **Exhibit A** granting leave for Hogan Lovells to withdraw as counsel to Roglieri.

Dated: July 1, 2024
New York, New York

**HOGAN LOVELLS US LLP**

*/s/     Pieter Van Tol*

Pieter Van Tol  (Bar Roll # 508405)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: pieter.vantol@hoganlovells.com

*Counsel to Roglieri*