UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

    KRIS DANIEL ROGLIERI,

                              *Debtor*.

Case No. 24-10157
Chapter 7

---

PAUL A. LEVINE, AS RECEIVER OF PRIME
CAPITAL VENTURES, LLC,

                              *Plaintiff*,

    v.

KRIS DANIEL ROGLIERI,

                              *Defendant*.

Adv. P. No. 24-90010

---

APPEARANCES:

Stephen A. Donato, Esq.
Justin S. Krell, Esq.
Andrew S. Rivera, Esq.
Bond, Schoeneck & King, PLLC
*Proposed Attorneys for Prime Capital Ventures, LLC*
One Lincoln Center
Syracuse, New York 13202

Paul A. Levine, Esq.
Lemery Greisler LLC
*Permanent Receiver for Prime Capital Ventures, LLC*
677 Broadway, 8th Floor
Albany, New York 12207

Christian H. Dribusch, Esq.
The Dribusch Law Firm
*Chapter 7 Trustee*
187 Wolf Road, Suite 300-20
Albany, New York 12205

-1-

Pieter Van Tol, Esq.
Hogan Lovells US LLP
*Attorney for Defendant, Kris Daniel Roglieri*
390 Madison Avenue
New York, New York 10017

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER

Currently before the Court is a motion, pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7012, to dismiss this adversary proceeding. The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

## FACTS

On February 15, 2024, Kris Daniel Roglieri ("Roglieri" or the "Defendant") filed this bankruptcy proceeding as a Chapter 11, Subchapter V. (ECF No. 1).[2] Roglieri is the sole member and shareholder of Prime Capital Ventures, LLC ("Prime"). (ECF No. 80 at 36). On May 15, 2024, the case was converted to a Chapter 7 proceeding and Christian H. Dribusch, Esq., was appointed the Chapter 7 Trustee (the "Trustee"). (ECF Nos. 159–60).

On January 12, 2024, District Court Judge Mae A. D'Agostino appointed Paul A. Levine, Esq. (the "Receiver") as the temporary receiver of Prime in the case *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al.*, Case No. 24-cv-00055. (Dist. No. 8). On January 24,

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2024) ("Bankruptcy Code").

[2] Citations to the docket of the adversary proceeding (Adv. P. No. 24-90010) will be referenced as "(AP No. #);" citations to the docket of the Roglieri bankruptcy proceeding (Case No. 24-10157) will be referenced as "(ECF No. #);" citations to the docket of the Prime bankruptcy proceeding (Case No. 24-10531) will be referenced as "(Prime No. #);" citations to the docket of the district court proceeding (Case No. 24-cv-00055) will be referenced as "(Dist. No. #)."

-2-

2024, the District Court issued a decision making the Receiver's appointment permanent. (Dist. No. 56).

On April 22, 2024, the Receiver filed this adversary proceeding. (AP No. 1). On June 25, 2024, the Defendant filed a Motion to Dismiss Adversary Proceeding (the "Motion") alleging that the Receiver did not have authority to bring the action. (AP No. 5). On July 10, 2024, the Receiver filed opposition to the Motion. (AP Nos. 14–15). On July 12, 2024, the Chapter 7 Trustee filed a statement of ratification of the adversary proceeding. (AP No. 17). The Court held a hearing on the Motion on July 17, 2024, and placed the matter on reserve. (Prime No. 83).

On July 23, 2024, the Court entered a Memorandum Decision and Order (the "Prime Decision") dismissing Prime's bankruptcy case as having been improperly filed. (Prime No. 85).

**ARGUMENTS**

Roglieri argues the Receiver does not have standing to bring this adversary proceeding as he was not granted authority by the District Court "to direct the legal affairs of [Prime]." (AP No. 5 at 5). In further support of his contention, Roglieri argues the question of the Receiver's authority has not yet been resolved by Judge D'Agostino and he should have waited for same. (AP No. 5 at 6). In anticipation of the Trustee's ratification, Roglieri avers the Trustee cannot "retroactively approve of the Complaint's filing . . . ." (AP No. 5 at 6).

In his objection, the Receiver argues that Roglieri is precluded from raising the issue of the Receiver's authority because it "has already been 'actually adjudicated'" by the New York State Supreme Court in the matter of *ER Tennessee, LLC v. Prime Capital Ventures, LLC, et al.*, Index No. 650231/2024. (AP No. 14 at 4). The Receiver next argues the matter of his authority is moot because the Trustee ratified the adversary case. (AP No. 14 at 5–6). Even if the Court does not

accept the first two arguments, the Receiver alleges that he did in fact receive a "broad grant of authority" from the District Court to bring this action. (AP No. 14 at 6).

## DISCUSSION

FRBP 7012(b) incorporates Federal Rule of Civil Procedure (FRCP) 12(b)–(i) in adversary proceedings. Fed. R. Bankr. P. 7012(b). Under FRCP 12(b), a party may raise the lack of subject-matter jurisdiction as cause for dismissal. Fed. R. Civ. P. 12(b)(1). "Standing to maintain an adversary proceeding presents a question of subject matter jurisdiction under Rule 12(b)(1) of the [FRCP] . . . ." *85 Flatbush Mezz LLC v. TH Holdco LLC (In re 85 Flatbush RHO Mezz LLC)*, Case No. 20-23280, 2023 Bankr. LEXIS 2038, at *12 (Bankr. S.D.N.Y. Aug. 18, 2023) (citing *In re Magnesium Corp. of Am.*, 583 B.R. 637, 646 (Bankr. S.D.N.Y. 2018)).

### I.    Issue Preclusion

The Receiver argues that a state court has "actually adjudicated" his authority to handle Prime's legal affairs and therefore, Roglieri is estopped from challenging the Receiver's standing to commence this adversary proceeding. (AP No. 14 at 4–5). The Court disagrees. The Second Circuit has stated:

> Collateral estoppel is permissible as to a given issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (internal quotation marks omitted).

*Bear, Stearns & Co. v. 1109580 Ont., Inc.*, 409 F.3d 87, 91 (2d Cir. 2005). In addition to these factors, this Court must also determine "[i]f 'application of offensive estoppel would be unfair to a defendant . . . .'" *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). Based upon this guidance, "this court has been careful to assure that collateral estoppel is not employed

unfairly." *Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1486 (2d Cir. 1995). Thus, for estoppel to be successful, the Receiver must meet the four-part test and establish invocation of issue preclusion is fair. The Receiver has failed to demonstrate this. ECF No. 85 pgs. 10-11)

The Receiver's reliance on the New York Supreme Court's decision *ER Tennessee, LLC v. Prime Capital Ventures, LLC, et al.*, Index No. 650231/2024 is misplaced. As discussed by this Court in the Prime Decision, the state court's ruling was primarily concerned with the right to defend lawsuits on behalf of Prime, which is a wholly different matter than initiating an adversary proceeding seeking to withhold Roglieri's discharge.

Likewise, the Receiver's argument that the state court decision was based on the District Court's allowance of third-party complaints does not make it any more persuasive. The third-party complaints were brought "to ascertain the amount and location of [Prime's] assets so that they can be returned to Plaintiff and other creditors[3] of Prime" and "to otherwise recover assets and/or monies." (Dist. No. 71 at 3). Initiating an adversary proceeding to create a non-dischargeable claim[4] against Roglieri (personally) and deny his discharge is not in furtherance of the mission to locate and secure Prime's assets.

Further, this Court is not bound by the state court's determination. A district court has found:

---

[3] The Court notes that the Receiver has been appointed in a matter involving only one creditor of Prime and now purports to represent the interests of all creditors of Prime, many of whom—including Compass, the Plaintiff in District Court—have already filed their own claims in the underlying bankruptcy. In doing so, the Receiver has made himself an informal bankruptcy trustee, which the District Court itself cautioned against. *Compass-Charlotte 1031, LLC v. Prime Cap. Ventures, LLC*, Case No. 24-cv-00055, 2024 U.S. Dist. LEXIS 12276, at *26 (N.D.N.Y. Jan. 24, 2024) ("'[R]eceivership should not be used as an alternative to bankruptcy . . . .'") (quoting *Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008)).

[4] The claims are brought "against [Roglieri] for his fraud and defalcation while acting in a fiduciary [capacity] and other pervasive misconduct . . . ." (AP No. 1 at 2).

> The issue of standing in the present action is distinct from the issue of whether plaintiff had standing as of February 12, 2014 . . . . *See Nationstar Mortg., LLC v. Cogen*, 159 A.D.3d 428, 428-29, 72 N.Y.S.3d 48 (N.Y. App. Div. 2018) ("Contrary to defendant's argument, the doctrine of collateral estoppel does not bar plaintiff from relitigating the issue of standing, because the issues in the prior action and the instant action are not identical.").

*CIT Bank, N.A. v. Jach*, Case No. 15-cv-5814, 2019 U.S. Dist. LEXIS 51671, at *19 (E.D.N.Y. Mar. 27, 2019). Since the question decided by the state court is not identical, issue preclusion is not available for the Receiver.

Additionally, the third factor is not met since Roglieri was not a party to the state court proceeding and did not have an opportunity to litigate the issue.

> The general rule of nonparty preclusion is that "[a] person who was not party to a suit generally has not had a full and fair opportunity to litigate the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the deep-rooted historic tradition that everyone should have his own day in court."

*Walsh v. Cmty. Health Ctr. Of Richmond, Inc.*, Case No. 21-cv-3094, 2022 U.S. Dist. LEXIS 176471, at *8 (E.D.N.Y. Sept. 28, 2022) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008)). Absent a showing of privity between Roglieri and Prime, the Court cannot preclude Roglieri from raising the issue of the Receiver's authority. *See East Coast Novelty Co. v. City of New York*, 781 F. Supp. 999, 1005 (S.D.N.Y. 1992) (holding that a nonparty may be precluded from raising an issue if they have privity with a party that had a full and fair opportunity to litigate the matter).

Even if Roglieri is estopped from arguing lack of authority, the Court is permitted to raise the question of the Receiver's standing *sua sponte*. "A court may raise standing issues *sua sponte*, as such issues implicate a federal court's jurisdiction." *In re Gilpin*, Case No. 09-10696, 2009 Bankr. LEXIS 5621, at *2 (Bankr. D. Vt. Oct. 7, 2009) (citing *In re Wilhelm*, 407 B.R. 392, 399 n. 14 (Bankr. D. Idaho 2009)). Other courts have held that "[t]he Court is obligated to raise an issue implicating standing *sua sponte*" even when the parties fail to do so. *Densmore v. Litton*

*Loan Servicing, L.P. (In re Densmore)*, 445 B.R. 307, 312 (Bankr. D. Vt. 2011); *see, e.g., Mendelsohn v. Kovalchuk (In re APCO Merch. Servs.)*, 585 B.R. 306, 315 (Bankr. E.D.N.Y. 2018).

For the reasons stated above, the Court finds that the question of the Receiver's authority to file this adversary proceeding is properly before it.

## II.    Receiver's Authority

The Court recently reviewed this Receiver's authority in the Prime Decision and found that he was not authorized to file Prime's bankruptcy petition. In reaching its conclusion, this Court noted the differences between the orders appointing the Receiver in a temporary capacity versus a permanent capacity. It was clear to this Court "the Receiver's control over 'claims, demands, or causes of action of any kind' . . . ." had been removed.[5] (Prime No. 85 at 7) (quoting Dist. No. 8 at 2).

The District Court's subsequent decisions further defined the Receiver's role, stating "[t]he Receiver is in place to locate any funds owned by Prime Capital, with the hope of understanding and communicating to the Court and the parties the circumstances underlying all of Prime Capital's business, credits, and debts." *Compass-Charlotte 1031, LLC v. Prime Cap. Ventures, LLC*, Case No. 24-cv-00055, 2024 U.S. Dist. LEXIS 47893, at *97 (N.D.N.Y. Mar. 19, 2024). The District Court never waivered from this position, reiterating "[t]he Court appointed the permanent receiver 'to help answer the million-dollar questions of whether Plaintiff's ICA payment still exists and where it is located.'" *Compass-Charlotte 1031, LLC v. Prime Cap. Ventures, LLC*, Case No. 24-cv-00055, 2024 U.S. Dist. LEXIS 110357, at *12 (N.D.N.Y. Jun. 24, 2024) (quoting Dist. No. 56 at 18).

---

[5] The temporary receivership order had granted the Receiver broad authority over all legal claims for Prime which was removed when the receiver became permanent.

Based upon the changes to the receivership order as well as the statements regarding the Receiver's duties, the Court finds the Receiver lacked the requisite authority to file this adversary proceeding.

### III.    Trustee's Authority to Ratify

The Prime Decision analyzed the Trustee's ratification authority. The Court determined that Roglieri's member interest and managerial authority[6] over Prime were extinguished when he filed his bankruptcy. (Prime No. 85 at 12) ("Roglieri 'cease[d] to be a member' of Prime upon filing."). This is consistent with Delaware law and the Receiver has offered this Court no legal argument to the contrary.[7]

Prime's operating agreement makes it clear that the Trustee did not receive ratification authority upon the transfer of Roglieri's interest in Prime. Section 6.4 of the operating agreement pertains to the involuntary transfer of a membership interest and states the following:

> A . . . bankruptcy of a Member, or other involuntary transfer of a Member's Membership Interest, shall constitute a material breach of this Agreement by such Member. The creditor, transferee, or other claimant, shall only have the rights of an Assignee, and shall have no right to become a Member, or to participate in the management of the business and affairs of the Company as a Member or Manager under any circumstances . . . .

(Dist. No. 13, Ex. N at 8). Prime's operating agreement in connection with Delaware law leads this Court to determine the Trustee could not ratify this adversary proceeding.

---

[6] It is crucial to note the distinction between the managerial rights which were not transferred to the Trustee versus the economic rights of the shares. *Zachman v. Real Time Cloud Servs. LLC*, 251 A.3d 115 (Del. 2021) (holding that an LLC membership interest terminates when the member files a personal bankruptcy petition and leaves only the economic rights of said interest).

[7] The Receiver's objection to the Motion does not cite any case law or statutory law establishing the Trustee's authority to ratify, instead relying wholly on the statement of ratification. (AP No. 14 at 5–6).

**CONCLUSION**

Based on the Prime Decision and the analysis herein, the Court finds the Receiver did not have the authority to file an adversary proceeding and therefore lacks the requisite standing. In addition, the Trustee does not have the authority to ratify the adversary proceeding. Now, for the reasons stated, it is hereby:

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the adversary proceeding, Adv. P. No. 24-90010, is dismissed.

Dated: August 9, 2024
Albany, New York

          */s/ Robert E. Littlefield, Jr.*
          Robert E. Littlefield, Jr.
          United States Bankruptcy Judge